Roland Siemen, Plaintiff-Appellant, *v.* Verna R. Alden, Ex'r of the Estate of Lloyd G. Alden, Deceased, *et al.*, Defendants.—(Edwin Korleski, d/b/a Rock River Sawmill, *et al.*, Defendants-Appellees.)

(No. 74-103;

Second District (2nd Division)—December 23, 1975.

Edward J. Wendrow, R. Lawrence Storms, and Stephen C. Bruner, all of Winston & Strawn, of Chicago, and Francis E. Hickey, of Miller & Hickey, of Rockford, for appellant.

Edward R. Telling, of Williams, McCarthy, Kinley, Rudy & Picha, of Rockford, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff sued defendants to recover for injuries he sustained while operating an automated multi-rip saw. The three-count complaint sought recovery on theories of strict tort liability for sale of a defective product, breach of warranties, and negligence. Plaintiff proceeds on this appeal against defendant Korleski only. He appeals the order of the trial court granting defendant's motion for summary judgment on count one, alleging strict tort liability, and count two, alleging breach of warranties.

Plaintiff had owned and operated a sawmill since 1961. In 1968, he decided to purchase a multi-rip saw to increase his production of decking pallets. Upon the suggestion of a customer, plaintiff contacted Lloyd G. Alden, manufacturer of the saw in question. Alden informed plaintiff that a new saw could not be delivered in less than six months and suggested that plaintiff contact defendant Korleski, who owned two of the Alden saws. Plaintiff contacted defendant, who advised him that he indeed had two saws: the one he was currently using, and an older one purchased in 1962 which had not been used since 1965. Thereafter the parties met on two occasions at defendant's sawmill to discuss plaintiff's possible purchase of the older saw. At the first meeting, defendant demonstrated the new saw, which operated in the same manner as the one plaintiff was considering purchasing. Plaintiff's son accompanied him to the second meeting, at which time plaintiff was first shown the saw in question. It was sitting, partially dismantled, in a corner and was covered with boards and sawdust. Defendant informed plaintiff that it was in operating condition and that plaintiff would have to supply and install saw blades, motor, shiv, belts, pulleys, and a sawdust removal apparatus in order to use it. Thereafter, the parties agreed on a purchase price of $2900.

Plaintiff's injury, which precipitated the instant suit, occurred in 1970 when a cant of wood exploded while being fed through the saw in question.

On appeal, plaintiff contends that summary judgment in favor of defendant should be reversed because (1) defendant had a sufficient relationship to the saw which injured plaintiff to subject him to strict liability for sale of the defective product, and (2) under the Uniform Commercial Code, sections 2—314 and 2—315 (Ill. Rev. Stat. 1971, ch. 26, §§ 2—314, 2—315, the defendant is liable for implied warranties.

■■■ In *Suvada v. White Motor Co.*, 32 Ill.2d 612 (1965), the Illinois Supreme Court adopted the provisions of section 402A of the Restatement (Second) of Torts (1965), which states:

"Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

The plain language of the rule limits the application to a seller engaged in the business of selling the product which proved defective. This limitation is buttressed by the comment accompanying the rule in that the occasional seller is explicitly excluded. (Restatement (Second) of Torts, Comment *f* at 350. See 55 Ill. B.J. 906 (1967).) Plaintiff contends that because the sale of the saw occurred within the scope and conduct of defendant's business, and because defendant modified the machine to suit his own purposes, thereby creating the condition which led to plaintiff's injury, defendant had a relationship to the saw sufficient to subject him to strict liability. Plaintiff's argument fails to overcome the clear requirement of the rule that the seller be engaged in the business of selling the particular product. In the instant case, defendant asserted and plaintiff has not denied that defendant's only sale of a saw or sawmill equipment was to plaintiff. It is therefore apparent that the sale is an isolated transaction and does not come within the provisions of 402A. *Balido v. Improved Machinery, Inc.*, 29 Cal.App.3d 633, 640, 105 Cal. Rptr. 890, 895 (1972).

■■ Plaintiff claims that under sections 2—314 and 2—315 of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, §§ 2—314, 2—315) a genuine issue of material fact exists as to defendant's liability arising from his saw-related knowledge and skill, and plaintiff's ultimate reliance upon this knowledge in purchasing the saw. Section 2—314 states in pertinent part:

"Unless excluded or modified * * * a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

Section 2—104(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, § 2—104(1)) defines a merchant as:

"a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

Defendant argues in his reply brief that plaintiff falls within the terms of section 2—104(1) and is therefore a merchant for purposes of section 2—314 by virtue of his "holding himself out as having knowledge or skill." This test, however, is not the standard for determining who is a merchant within the meaning of section 2—314. The Committee Notes to section 2—104 (S.H.A. 1971, ch. 26, § 2—104, Committee Notes, ¶ 2, page 97) and to section 2—314 (S.H.A. 1971, ch. 26, § 2—314, Committee Comments, ¶ 3, page 232) make it clear that the definition of merchant within 2—314 is a narrow one and that the warranty of merchantability is applicable only to a person who, in a professional status, sells the particular kind of goods giving rise to the warranty.

"A person making an isolated sale of goods is not a 'merchant' within the meaning of the full scope of this section [2—314] and, thus, no warranty of merchantability would apply." S.H.A. 1971, ch. 26, § 2—314, Committee Comments, ¶ 3, page 232.

The record is clear that defendant is engaged in the sawmill business. The sale in the instant case was an isolated transaction and therefore did not come within the terms of section 2—314. *Balido v. Improved Machinery*, 29 Cal.App.3d 633, 640, 105 Cal. Rptr. 890, 895 (1972).

Plaintiff also claims that section 2—315 of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, § 2—315) is applicable to the transaction in the instant case. The provision reads:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and

that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

This section imposes two requirements: first, that the seller know of the particular purpose for which the goods are required, and second, that the buyer rely on seller's skill or judgment in selecting the product. Here, the first requirement is met in that it is undisputed that defendant knew plaintiff's purpose for buying the saw: the making of pallets. As to the second requirement, plaintiff asserts that the following facts create a genuine issue of material fact as to plaintiff's reliance on seller's expertise: plaintiff neither owned nor had experience with a multi-rip saw whereas defendant had been operating one for about six years; Alden referred other customers to defendant for demonstrations of the saw; and defendant explained safety requirements for operating the saw and made recommendations on operating procedures. Impliedly, according to plaintiff, defendant had expertise due to his experience with the saw, and Alden considered defendant to have that expertise by its referral of other customers to defendant for demonstrations.

Defendant, on the other hand, asserts that there was no genuine issue of material fact indicating that plaintiff relied on defendant's skill or judgment in purchasing the saw, and supports this assertion with the following facts: plaintiff made his original inquiry to purchase an Alden-brand saw upon the advice and suggestion of a customer; after learning of the six-month delivery delay, plaintiff contacted defendant regarding the used Alden saw rather than investigating the purchase of a different brand; plaintiff's statement in his deposition, "in my search for a gang-rip saw I was directed to Ed Korleski," indicates that he had decided to purchase such a saw prior to any contact with defendant; and plaintiff brought his son to view the saw to see "whether he thought [the saw] was what [they] needed," suggesting that plaintiff relied on his son's judgment, not the defendant's.

■■ It is not the facts that are in dispute, but the conclusion or inference to be drawn from them, *i.e.*, do plaintiff's facts raise a question of his reliance on defendant's judgment in selecting the saw sufficient to submit the issue to the jury for determination. We find plaintiff's facts insufficient to raise a question of material fact as to his reliance upon defendant's skill and knowledge; no facts indicated that plaintiff relied on defendant's expertise in making his decision to purchase the saw. Rather, the uncontroverted facts establish that plaintiff had decided to purchase an Alden saw prior to his initial contact with defendant. We

966

hold therefore that the trial court properly granted defendant's motion for summary judgment.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.