GEORGE HARMS, Plaintiff, *v.* CATERPILLAR TRACTOR CO. *et al.,* Defendants.—(MECHANICAL RUBBER AND SUPPLY CO., Defendant and Counterplaintiff-Appellant, *v.* CATERPILLAR TRACTOR CO., Defendant and Counterdefendant-Appellee.)

Third District   No. 79-345

Opinion filed January 17, 1980.

Charles G. Roth and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellant.

Wayne L. Hanold and David R. Aplington, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, George Harms, an iron worker, alleges he was injured while working for his employer, O. Frank Heinz Construction Co., on the premises of Caterpillar Tractor Co. (herein referred to as "Caterpillar"), defendant and counterdefendant-appellee. Also named as defendant in the original proceeding was Mechanical Rubber and Supply Co. (herein referred to as "Mechanical Rubber"), recovery being requested on the basis of strict liability in tort. That action is still pending and is not the subject of this appeal.

Mechanical Rubber filed a third-party complaint against Caterpillar seeking indemnity on a strict liability theory alleging that Caterpillar, the third-party defendant, defectively designed and assembled the hopper which caused the plaintiff's injury. Pursuant to defendant's motion to dismiss, the third-party complaint was dismissed and this appeal follows pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)). We affirm.

The plaintiff, George Harms, alleges that he was injured during the construction or assembly of a hopper. The hopper was part of a dust collector, and the hopper and dust collector ultimately constituted a major part of a building on the premises of Caterpillar, defendant and counterdefendant herein. The hopper was designed by Caterpillar and the purchase order was placed with Mechanical Rubber, defendant and counterplaintiff. Mechanical Rubber then caused the hopper to be fabricated by Miller Welding & Iron Works, Inc. The hopper was forwarded directly to Caterpillar's plant site, where it was being erected by O. Frank Heinz, the plaintiff's employer at the time of the accident.

The principal issue raised on this appeal is whether a designer of a product may be obligated under the theory of strict liability in tort to indemnify the supplier and manufacturer of the product designed. Mechanical Rubber argues that a designer is so liable and that this is especially true where, as in the instant case, the designer is also the purchaser of the product.

■■ We have no quarrel with the general rule contended for by the appellant, namely, that the unreasonably dangerous condition which gives rise to the strict liability in tort includes both defects in manufacture and in design. (*Kerns v. Engelke* (1977), 54 Ill. App. 3d 323, 369 N.E.2d 1284, *aff'd* (1979), 76 Ill. 2d 154.) Describing defects in these terms is a matter of convenience, and a way of analyzing aspects of a product without necessarily creating distinctions in the application of the general rule. Generally speaking, manufacturing defects result from qualities of a product not intended by the manufacturer, while design defects refer to characteristics of a product intended by the manufacturer which render the product not reasonably safe.

■■ ■ To say that an unreasonably dangerous condition may include design defects does not mean that a party whose only connection to the product is that of the designer is liable under products liability theories. Liability is still limited to those parties in the chain of manufacturing and distributing a product. While the transactions between the parties in the distribution system may not necessarily be seller and buyer (see *Crowe v. Public Building Com.* (1978), 74 Ill. 2d 10, 383 N.E.2d 951, where the transaction was a lease), nevertheless, the transaction and relationship of the parties should be a part of the distributive system for the product. Where a party merely designs a product for someone else, there is no sale or equivalent transaction between the parties which subjects the designer to liability as part of the distributive system. Such party provides a service and subjects the party to the duty to exercise reasonable care, but the party is not liable on a products liability theory. There are many parties who conceivably have some relation with the manufacture and sale of the product, but their relationship is peripheral and not directly related to the distributive process. For example, a patent licensor, a consultant, an independent engineering firm, an independent testing laboratory, a law firm or, for that matter, a transportation company or an independent warehouse, might have some relation to a product and, although perhaps related to the general economic system, they are outside the manufacturing distributing system contemplated by products liability theories. See *Keen v. Dominick's Finer Foods, Inc.* (1977), 49 Ill. App. 3d 480, 364 N.E.2d 502, and *Sieman v. Alden* (1975), 34 Ill. App. 3d 961, 341 N.E.2d 713.

■■ We believe the recent case of *Templeton v. Blaw-Knox Co.* (1977), 49 Ill. App. 3d 1057, 365 N.E.2d 235, is dispositive of this issue, holding, as it

does, that there is no right of indemnification from a designer who additionally is also the purchaser of the product. Appellant urges us to apply *Evans v. Control Products Corp.* (1979), 73 Ill. App. 3d 681, 392 N.E.2d 239, a recent case which declines to follow the rule as applied in *Templeton v. Blaw-Knox Co.* (1977), 49 Ill. App. 3d 1057, 365 N.E. 235. However, we believe the *Templeton* rule is more reasonable and persuasive for two reasons. In *Evans* the court concludes that the defendant both designed and manufactured the panels even though the allegations of the complaint indicate the contrary, and, in fact, set forth allegations suggesting negligence rather than strict liability in tort. Furthermore, the court in *Evans* declines to consider whether the defendant designer was a seller or an equivalent participant in the distributive chain because such issue was not raised in the court below. Accordingly, we believe *Templeton* rather than *Evans* states the proper rule.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

*Affirmed.*

STENGEL and SCOTT, JJ., concur.