782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
APEX OIL COMPANY, Plaintiff-Appellant
v.
LIBBEY OWENS FORD COMPANY, Defendant-Appellee.
 85-3070
 United States Court of Appeals, Sixth Circuit.
 12/11/85
 
 Before: LIVELY, Chief Circuit Judge; MARTIN, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case presents the classic contracts defense of statute of frauds. Apex Oil Company claims that it orally contracted with Libbey-Owens-Ford to buy 925,000 gallons of fuel oil from Libbey, but that Libbey breached the contract by selling the fuel oil to another buyer. Libbey claims that no contract ever existed, but even if it did, such an oral contract cannot be enforced. The Ohio statute of frauds, Ohio Revised Code section 1302.04, provides that oral contracts are unenforceable unless both parties to the claimed contract are merchants.[1] The district court granted summary judgment for Libbey-Owens-Ford because the court did not find Libbey to be a merchant and so the statute of frauds barred any action or recovery on the contract.
 
 
 2
 A merchant, as defined by Ohio Revised Code section 1302.01(A)(5), which contains the same language as section 2-104(1) of the Uniform Commercial Code, is a person[2] fitting within any one of three categories. County of Milwaukee v. Northup Data Sys., Inc., 602 F.2d 767, 771 (7th Cir. 1979). A person is a merchant if he
 
 
 3
 deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.
 
 
 4
 Ohio Rev. Code Sec. 1302.01(A)(5). The official comments to Uniform Commercial Code section 2-104(1) provide:
 
 
 5
 1. This Article assumes that transactions between professionals in a given field require special and clear rules which may not apply to a casual or inexperienced seller or buyer. . . .
 
 
 6
 2. The term 'merchant' as defined here roots in the 'law merchant' concept of a professional business. The professional status under the definition may be based upon specialized knowledge as to the goods, specialized knowledge as to business practices, or specialized knowledge as to both and which kind of specialized knowledge may be sufficient to establish the merchant status is indicated by the nature of the provisions.
 
 
 7
 Whether a person or organization is a merchant is a question of law for the court to decide by applying the definition to the facts in the case. County of Milwaukee, 602 F.2d at 771; Nelson v. Union Equity Cooperative Exch., 548 S.W.2d 352, 354 (Tex. 1977); Decatur Cooperative Assoc. v. Urban, 219 Kan. 171, 547 P.2d 323, 328 (1976).
 
 
 8
 Apex, an oil company engaged in the business of buying and selling petroleum products, is undisputedly a merchant for the purposes of this case. The same cannot be said for Libbey. Libbey, a glassware manufacturer, purchased fuel oil only occasionally and used the oil primarily as a reserve fuel source for its operations. Lawrence Barton, Libbey's agent in the transaction in question, had been involved in only three or four purchases of fuel oil over the previous five years. Prior to that time, Barton testified that Libbey purchased fuel only once a year. Barton stated that he had been the sole buyer since the 1970's and that to his knowledge, Libbey had never sold this type of fuel oil before the transaction in question.
 
 
 9
 Clearly, Libbey is not a merchant. Because Libbey rarely purchased fuel oil and never, before this transaction, sold fuel oil, neither Libbey nor its agent Barton can be said to have dealt in fuel oil so as to make Libbey a merchant. An organization making an isolated sale of goods is not a merchant. McGregor v. Dimou, 101 Misc. 2d 756, 422 N.Y.S.2d 806 (N.Y. Civ. Ct. 1979); Siemen v. Alden, 34 Ill. App. 3d 961, 341 N.E.2d 713 (1975). Nor has Libbey or its agent Barton held themselves out, by occupation or otherwise, as having the skill and knowledge peculiar to the selling of fuel oil. Libbey is nothing more than a casual, inexperienced seller and as the comments to Uniform Commercial Code section 2-104(1) (Ohio Rev. Code section 1302.01(A)(5)) suggest, such a seller should not be considered a merchant.
 
 
 10
 We affirm.
 
 
 
 [1]
 Ohio Revised Code section 1302.04 states:
 (A) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this division beyond the quantity of goods shown in such writing.
 (B) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of division (A) of this section against such party unless written notice of objection to its contents is given within ten days after it is received.
 
 
 [2]
 A person can be an organization. An organization can be a corporation. Libbey, a corporation, is therefore a person. See Ohio Rev. Code Secs. 1301.01(BB) & (DD)