**Daisy J. NANCE, as Executrix of the Will of Louis E. Nance, Deceased, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 23356.**

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1970.

Rehearing Denied Sept. 14, 1970.

Paul M. Ginsburg (argued), Atty., Tax Division, Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Jonathan S.

Cohen, Edward Lee Rogers, Attys., Dept. of Justice, Washington, D. C., Richard K. Burke, U. S. Atty., Phoenix, Ariz., for defendant-appellant.

Allen L. Feinstein (argued), Robert Collins, Wales, Collins & Davies, Phoenix, Ariz., for plaintiff-appellee.

Before CHAMBERS, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

The Government appeals from a judgment for the taxpayer, the executrix of the estate of Louis E. Nance, deceased, in her suit to recover $16,287.55, paid by the estate following a deficiency assessment. The estate tax had been assessed upon one half of the proceeds of two insurance policies on the life of Louis in a face amount totaling $250,000.

The decedent-insured, Louis, and his beneficiary, Daisy, were husband and wife, who were Arizona domiciliaries. For the purpose of this appeal it is conceded that one half of the proceeds of the policies belonged to the wife and that such proceeds are not includible within the decedent's estate under applicable Arizona community property law.

A single issue is dispositive of the appeal: Did Louis retain an "incident of ownership" of the policies within the meaning of section 2042(2) of the Internal Revenue Code of 1954 (26 U.S.C. § 2042(2))? Section 2042(2) requires inclusion in a decedent's gross estate of amounts "receivable by all other beneficiaries as insurance under policies on the life of the decedent with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person."

■ The policies of insurance in unequivocal terms gave Louis the right to change the beneficiary of the policies acting in conjunction with the beneficiary thereof. The retention of that right is an "incident of ownership" within the meaning of section 2042(2). (26 C.F.R. 20.2035–1; Commissioner of

Internal Revenue v. Karagheusian's Estate (2d Cir. 1956) 233 F.2d 197.)

■ The district court nevertheless found that the decedent did not have the right to change the beneficiary, relying on extrinsic evidence, received over objection, that the custom and practice of the insurer was to treat the person designated as owner on the application as the person having sole control of the policies. The extrinsic evidence was neither relevant (cf. Commissioner of Internal Revenue v. Noel Estate (1965) 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159) nor admissible under the parol evidence rule (Clark v. United States (9th Cir. 1965) 341 F.2d 691).

The judgment is reversed.