**Ruth H. BOHAN, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 71–1297.**

United States Court of Appeals,
Eighth Circuit.

March 9, 1972.

Michael L. Paup, Atty., Tax Div., Dept. of Justice, Washington, D. C., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, William Massar, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellant; Bert C. Hurn, U. S. Atty., of counsel.

Ida Turner, Ima Goehring, Goehring & Turner, Kansas City, Mo., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.*

GIBSON, Circuit Judge.

The United States appeals from the decision in the United States District

---

* Senior District Judge for the District of Nebraska sitting by designation.

Court for the Western District of Missouri in this tax refund case, Bohan v. United States, 326 F.Supp. 1356 (W.D. Mo.1971). Plaintiff taxpayer, Mrs. Ruth Bohan is the widow of Dr. Peter T. Bohan, who died in 1955, leaving an estate valued in excess of $900,000. Mrs. Bohan (hereinafter "taxpayer") was named executrix and sole residuary legatee in Dr. Bohan's will.

■ The case was tried by the Court on stipulated facts. During the tax year 1957, the estate had distributable net income in the amount of $29,076.15. Distributions in kind, that same year, consisting of corporate stock, rights to a declared dividend and certain rights to purchase additional stock were made to taxpayer. It is conceded that these distributions were from corpus. The value of the property so distributed was $162,076. These distributions were partial distributions made by the probate court to taxpayer, as residuary legatee, in advance of final settlement, under the authority of Mo.Rev.Stat. § 473.613 (1949).[1]

For 1957 the estate reported income in the amount of the distributable net income and paid income taxes on that amount, and taxpayer did not report as income any part of the distributions made to her. The Commissioner determined that taxpayer had realized income in the amount of the distributable net income of the estate on account of the in-kind beneficiary distributions and as-sessed a deficiency against her calculated on that amount. A deduction in the amount of distributable net income was allowed the estate. The tax was paid and this suit for refund followed.

■ The Government contends that 26 U.S.C.A. §§ 661(a) (2) and 662(a) (2)[2] require this distribution to be included as income by taxpayer and deducted by the estate. The receipt by taxpayer of possession of the property causes it to be an amount "properly paid" within the meaning of these two sections.

The trial court held, in an exhaustive and well-reasoned opinion by Chief Judge Becker, that the partial distributions in this case were not "properly paid or credited" within the meaning of the statute because at the time of distribution they were subject to recall under Missouri law until the decree of final distribution. This holding that the distributions were conditional is obviously a correct interpretation of Missouri law, and the Government does not challenge it on this appeal.

Nevertheless, the Government still contends on appeal that the distributions were "properly paid" under the federal income tax statute and therefore includible in the taxpayer's return because they were received under a "claim of right", relying on North American Oil v. Burnet, 286 U.S. 417 (1932), and subsequent cases interpreting that doctrine.[3]

1. On approval of the probate court, specific personal property may be distributed to a distributee prior to a decree of final distribution subject to recall by that court.

2. The relevant statutory sections provide as follows:
26 U.S.C. § 661(a) (2):
"In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate or trust * * * the sum of—
* * * * *
"(2) any other amounts properly paid or credited or required to be distributed for such taxable year."
26 U.S.C. § 662(a) (2):

"* * * [T]here shall be included in the gross income of a beneficiary to whom an amount specified in section 661(a) is paid, credited, or required to be distributed (by an estate or trust described in section 661), the sum of the following amounts:
* * * * *
"(2) All other amounts properly paid, credited, or required to be distributed to such beneficiary for the taxable year."

3. We note that this theory was never presented to the trial court by the Government. Taxpayer urges us to refuse

■ The difficulty with this argument is that it is wholly inapplicable to the facts of this case; it is merely a bootstrap argument by which the Government assumes the conclusion which is at issue here—namely, whether the distributions to the taxpayer were taxable to her as income. The net income of the estate was concededly not distributed to the taxpayer and the distributions to her were admittedly made out of corpus. Whether they are nevertheless taxable to her as income depends upon whether the conditions specified in § 662(a) (2) are met. Where those conditions are not met, the distributions are not taxable as income; and the "claim of right" doctrine does not convert that which is not income into income.

■ The "claim of right" doctrine is designed to further the federal income tax policy that income is to be returned and taxes paid thereon on the basis of an annual accounting period. "The 'claim of right' interpretation of the tax laws has long been used to give finality to that period, and is now deeply rooted in the federal tax system." United States v. Lewis, 340 U.S. 590, 592 (1961). It is used to determine when income is taxable rather than whether a receipt is taxable income, and if so, to whom it is taxable. 2 Mertens, Law of Federal Income Tax § 12.103, p. 409.[4]

Moreover, it seems clear there was no "claim of right" here as that term is used in the income tax law—i. e., a claim of ownership superior to the rights of all others.

> "The phrase 'claim of right' is a term known of old to lawyers. Its typical use has been in real property law in dealing with title by adverse

possession, where the rule has been that title can be acquired by adverse possession only if the occupant claims that he has a right to be in possession as owner. The use of the term in the field of income taxation is analogous." Healy v. Commissioner, 345 U.S. 278, 282 (1953).

There is no evidence in the record that taxpayer ever asserted a claim to these partial distributions to the exclusion of the rights of the probate court to recall them prior to the decree of final distribution. No doubt Mrs. Bohan had certain rights to this distribution but they were at all times subject to the superior rights of the probate court to reclaim the property for the estate. This is inconsistent with the definition of claim of right set out in Healy v. Commissioner, *supra*. The conditional nature of the distribution properly led the District Court to hold that the distributions were not "properly paid or credited."

Finally, while not necessary to the disposition of this case, we note that the position of the Government in this case seems contrary to the recent ruling of the Treasury Department relative to § 661(a) that "in the absence of a testamentary provision to the contrary, the state law is determinative of the disposition of income from property during the period of administration." Revenue Ruling 71–335. Here, there was no testamentary provision to the contrary, and state law required that income from the estate be used first to pay the taxes and other expenses of the estate.[5] The income was in fact so used. Therefore, under the above ruling, the estate would not appear entitled to a deduction for its disposition, and as a corollary, there was

---

to consider it on appeal, citing United States v. Gates, 376 F.2d 65 (10th Cir. 1967). However, we prefer to deal with the contention on its merits.

4. In this connection, we think it appropriate to point out that there is no attempt in this case to avoid payment of taxes on income actually received by the estate. The estate returned its in-

come and paid tax thereon for the year in dispute. The sole question is whether it should have deducted the distribution in question, thus making the income taxable to the distributee-taxpayer.

5. See V.A.M.S. (1956), §§ 473.433, 473.-460, 473.570, and predecessor statutes; In re Holmes' Estate, 40 S.W.2d 616, 619 (Mo.1931).

no income from the estate distributed to and therefore taxable to the distributee-taxpayer under § 662(a).

The judgment of the District Court is affirmed.