**Molly ZEMAN, Appellant,**

v.

**V.F. FACTORY OUTLET, INC., Appellee.**

**No. 89–1566.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided Aug. 9, 1990.

John R. Lewis, Springfield, Mo., for appellant.

Francis M. Milone, Philadelphia, Pa., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Molly Zeman appeals from a final order entered in the District Court[1] for the Western District of Missouri granting summary judgment in favor of her former employer, V.F. Factory Outlet, Inc. *Zeman v. V.F. Factory Outlet, Inc.*, No. 87–3140–CV–S–2 (W.D.Mo. Mar. 2, 1989). For reversal, Zeman argues the district court erred in granting summary judgment against her because she satisfied the requirements of the Missouri service letter statute by having her attorney write a letter on her behalf to her employer requesting a service letter. For the reasons discussed below, we affirm the judgment of the district court.

The facts are not disputed. Zeman was employed as a retail store manager from July 1985 to August 15, 1986. Zeman asked her immediate supervisor for a letter stating the reasons why she was terminated, but the supervisor told her that her attorney would have to request such a letter. On or about September 15, 1986, Zeman's attorney wrote a letter to the employer requesting a service letter. The letter identified Zeman by name and specifically cited the Missouri service letter statute, Mo.App.Stat. § 290.140. The attorney signed the letter, but Zeman did not. The letter was addressed to Zeman's immediate supervisor and sent by certified mail to the employer's corporate office in Pennsylvania. On December 22, 1986, the employer, through its attorney, sent a letter to Zeman's attorney. In this letter the employer claimed that the September 15 letter was not a valid request under the Missouri service letter statute, provided information about the nature, character and duration of Zeman's employment, and stated that the true reason for her discharge was "failure to meet the standards of her position."

On March 19, 1987, Zeman filed this diversity action in federal district court, alleging the employer had violated the Missouri service letter statute by failing to issue a service letter within 45 days of receipt of the request. Zeman sought compensatory and punitive damages and costs. On April 17, 1987, the employer filed a motion to dismiss, alleging the September 15 letter was not a valid request under the Missouri service letter statute because the service letter had been requested by Zeman's attorney and not by Zeman herself. The district court denied the motion to dismiss, and discovery and other pre-trial proceedings followed.

On July 29, 1987, this court decided *Schilligo v. Purolator Courier Corp.*, 824 F.2d 660 (8th Cir.1987) (*Schilligo*). This case involved the Missouri service letter statute. The jury had returned a verdict in favor of the employee for $1 compensatory damages and $125,000 punitive damages. On appeal, this court reversed the punitive damages award only, holding there was insufficient evidence that the employer had acted with legal malice. *Id.* at 664. In dicta, the court stated that a request for a service letter signed only by the employee's attorney "is not a valid request under the [Missouri service letter] statute because it did not come from the employee" and that the employer was not required to furnish a service letter in response to such a request. *Id.*

On December 22, 1988, the employer filed a motion for summary judgment on the grounds that the September 15 letter was not a valid request for a service letter, citing *Schilligo*. The district court, with considerable reluctance, agreed with the employer's argument and granted summary judgment in favor of the employer. This appeal followed. Because the appeal involved an undecided question of state law, we certified the question of the validity of the September 15 letter to the Mis-

---

**1.** The Honorable William R. Collinson, Senior United States District Judge for the Western District of Missouri.

souri Supreme Court pursuant to Mo.Stat. Ann. § 477.004 (Vernon Supp.1990). *Zeman v. V.F. Factory Outlet, Inc.*, No. 89-1566 (8th Cir. Mar. 30, 1990) (order of certification). On July 13, 1990, the Missouri Supreme Court held that, notwithstanding the certification statute, the Missouri constitution did not grant the Missouri Supreme Court original jurisdiction to render opinions on questions of law certified by federal courts and declined to answer the certified question. *Zeman v. V.F. Factory Outlet, Inc.*, No. 72613 (Mo. July 13, 1990) (order).

We now proceed to decide the appeal. "In diversity cases such as the instant case, in which state law governs the issues, the district court's interpretation of that local law is entitled to great weight." *Gillette Dairy, Inc. v. Mallard Manufacturing Corp.*, 707 F.2d 351, 353 (8th Cir.1983), *citing Hunter v. United States*, 624 F.2d 833, 837 (8th Cir.1980). Here, the district court noted that there was no controlling Missouri case law on point and that *Schilligo*, a federal case involving the Missouri service letter statute and similar facts, had only discussed the issue in dicta. Slip op. at 2. Because of the penal nature of the Missouri service letter statute and the Missouri Supreme Court's strict construction of its requirements in favor of the employer, the district court decided to follow the dicta in *Schilligo* and held that a letter signed only by the employee's attorney and not by the employee is not a valid request for a service letter. *Id.* at 2-3. This interpretation of state law is not "fundamentally deficient in analysis or otherwise lacking in reasoned authority." *Ancom, Inc. v. E.R. Squibb & Sons, Inc.*, 658 F.2d 650, 654 (8th Cir.1981).

Accordingly, we adopt the analysis of the district court set forth in its order and affirm the judgment of the district court. *See* 8th Cir.R. 14.