**Joel BARTAREAU, Plaintiff/Appellant,**

v.

**EXECUTIVE BUSINESS PRODUCTS, INC., Defendant/Respondent.**

**No. 61730.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 2, 1993.

Timothy A. Graham, Hyatt Legal Services, St. Louis, for plaintiff/appellant.

Mark S. Hungerford, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiff, Joel Bartareau, filed an action against his former employer, Executive Business Products (Executive) for damages for Executive's failure to provide him with a service letter as set out in § 290.140 RSMo 1986. The trial court granted Executive's motion for summary judgment on the ground that Bartareau was not entitled

to relief as a matter of law because the request for a service letter did not comply with the requirements of § 290.140 RSMo 1986 in that it was not sent by certified mail and was not signed by Bartareau. We affirm.

Summary judgment is available when the pleadings, depositions, admissions, and affidavits on file show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Claybon v. Midwest Petroleum Co.*, 819 S.W.2d 742, 743 (Mo.App.1991).

In this case the facts are undisputed. Bartareau resigned his employment with Executive in September 1990. On March 9, 1991 Bartareau's attorney mailed a request for a service letter outlining the services performed by Bartareau during his eleven-year employment with Executive to Robert Birkenmeier, President of Executive. Birkenmeier received the request by regular mail on March 13, 1991. On June 11, 1991 Birkenmeier received by regular mail a second letter signed by Bartareau's attorney requesting that Birkenmeier sign and return a proposed service letter for Bartareau which was enclosed. Executive did not comply with either request.

■ Bartareau appeals the entry of summary judgment on legal grounds. He contends that the statute is satisfied when a former employer admits receipt of a request sent by regular mail and the request is signed by an attorney for the former employee. We may affirm the order of summary judgment if it is sustainable as a matter of law under any theory. *Claybon*, 819 S.W.2d at 744. In this appeal we find the judgment sustainable on both theories enunciated by the trial court.

■ The relevant language of the statute is as follows:

1. Whenever any *employee* of any corporation doing business in this state ... requests in writing by *certified mail* to the superintendent ... of said corporation ... it shall be the duty ... of said corporation to issue to such employee ... a letter.

§ 290.140.1 RSMo 1986 (emphasis added). The certified mail requirement was added when the Missouri Legislature amended the statute in 1982. An' employee must meet the statutory prerequisites to be entitled to a service letter and to have a cause of action if the employer fails to issue one. *Labrier v. Anheuser Ford*, 621 S.W.2d 51, 56 (Mo. banc 1981).

■ The questions presented for our review are whether an employee's attorney can make a request for an employee and whether regular mail can satisfy the "certified mail" requirement in the statute. In determining legislative intent, words and phrases are taken in their plain or ordinary and usual sense. § 1.090 RSMo 1986. However, technical words and phrases having a peculiar and appropriate meaning in law are understood according to their technical import. *Id.* If the statutory terms are plain and clear to one of ordinary intelligence, they are not ambiguous and there is no need to resort to rules of statutory construction. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988).

■ In the context of this case both the terms "employee" and "certified mail" are plain and clear to one of ordinary intelligence. "Employee" is the person who was employed by the employer. While this term may sometimes be open to interpretation in determining whether a particular person who works for another is in fact an employee, as opposed to an independent contractor, *see Sisters of St. Mary v. Blair*, 730 S.W.2d 614, 616 (Mo.App.1987), it is clear the term "employee" as used in this statute does not include attorneys of employees. The legislature could have provided for an attorney to make a request by so stating in the statute, but did not do so. Thus we hold that a request for a service letter made by an attorney for an employee does not comply with § 290.140 and does not give rise to any duty by the employer to furnish a service letter. Although no Missouri courts have addressed this specific issue, we note that the United States Court of Appeals for the Eighth Circuit has also concluded that under Missouri law a

request for a service letter by an attorney, rather than an employee, is insufficient. *Zeman v. V.F. Factory Outlet,* 911 F.2d 107, 109 (8th Cir.1990); *Schilligo v. Purolator Courier,* 824 F.2d 660, 662 (8th Cir. 1987).

■ "Certified mail" is a particular and definitive classification of postal service available from the U.S. Postal Service, which is defined by federal regulation as "a service that provides a mailing receipt to the sender and a record of delivery at the office of address." 39 C.F.R. § 3001.68 (1992). Since the legislature specified that requests for service letters be made by certified mail, requests made by regular mail do not satisfy the clear and simple requirements of the statute. The employer's duty under the statute does not arise unless the employee fully complies with the statute, which includes a request sent by certified mail. The fact that the employer may have actually received the request by regular mail does not abrogate the statutory requirement.

■ In cases where the language is clear, we will look beyond the plain and ordinary meaning of the statute only if the meaning would otherwise lead to an illogical result which would defeat the purpose of the legislation. *State ex rel. Maryland Heights Fire Protection Dist. v. Campbell,* 736 S.W.2d 383, 387 (Mo. banc 1987). In this situation, strict adherence to the plain language of the statute does not defeat the purpose of the statute. The statute was enacted to assure a former employee receives written notification of the true nature, character, and duration of service and reasons for termination. *Blair,* 730 S.W.2d at 616. By requiring an employee's signature on a request for service letter, both the employee and employer are assured that an employee's private employment information is not given to a third party without an employee's knowledge or permission.

The certified mail requirement is also consistent with this purpose. It provides both the employee and employer with an accurate method to determine the exact person within the corporation who received the request and the exact date that the request was received. This provides an employee with a record of delivery of the request and the employer with a fixed date from which he must proceed to meet the timeliness requirements of the statute. We will not ignore the clear and unambiguous language of the statute to hold that regular mail complies with the statute.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.