172 N.J. Super. 442 (1980)
412 A.2d 824
WILLIAM P. ALLEN, JR., AN INFANT BY HIS GUARDIAN AD LITEM, WILLIAM P. ALLEN SR., AND WILLIAM P. ALLEN, SR., INDIVIDUALLY AND AS PARENT AND GUARDIAN OF WILLIAM P. ALLEN, JR., PLAINTIFFS,
v.
NICOLE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, ROBERT JONES AND A.G. MANGELS COMPANY, A NEW YORK CORPORATION DOING BUSINESS IN NEW JERSEY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division  Atlantic County.
Decided January 30, 1980.
*444 Stephen Holtzman for plaintiffs (Previti, Todd & Gemmel, attorneys).
Randolph C. Lafferty for defendant Jones (Lloyd, Megargee, Steedle, Youngblood & Franklin, attorneys).
NEUSTADTER, J.S.C.
This matter arises on a motion for summary judgment by defendant Robert Jones. The relevant facts are not in dispute and may be summarized as follows:
A "pony cart" amusement ride was purchased by defendant Robert Jones from the manufacturer defendant and was operated by him at a shopping mall location for about two months of the 1976 Christmas season. Defendant Jones then sold the "pony cart" ride to defendant Nicole, Inc. who, like Jones, was an operator of amusement rides. In the course of Jones' operation of amusement rides he had on occasion made trades of his equipment with manufacturers and other ride operators. He sought new rides that would attract more people to his concession. In the spring of 1977, after the sale of the "pony cart" ride to Nicole, Inc., plaintiff, a minor, was injured while exiting the ride. Plaintiff, by his guardian ad litem, and the guardian ad litem as parent and individually, now pleads an action in negligence, warranty and strict liability in tort based on a defective product.
An action for breach of implied warranty under N.J.S.A. 12A:2-314 requires that the selling party be a merchant, as defined in N.J.S.A. 12A:2-104(1). The sale of the "pony cart" ride by Robert Jones was an isolated sale for money. Even if *445 one considers his previous trades of rides as sales  see Caldwell B. & L. Ass'n v. Henry, 120 N.J. Eq. 425, 430 (1936), and State v. Weissman, 73 N.J. Super. 274 (App.Div. 1972)  such a sale would bring him no closer to the status of merchant than was Ozark Airlines in Bruce v. Martin Marietta Corp., 554 F.2d 442 (10 Cir.1976), where the airline sold its excess flight equipment in the course of maintaining an optimum equipment status. In that case, as here, the sales aspect of defendant's endeavor did not rise to the level of being itself a business, nor may the defendant be included in the definition of merchant because "[he] holds himself out as having a specialized knowledge or skill peculiar to the practices or [the] goods involved." N.J.S.A. 12A:2-104. It is clear from the New Jersey Uniform Commercial Code official comments that this part of the definition is intended to encompass no more than professional buyers and sellers. White and Summers, in their Handbook on Uniform Commercial Code, § 9-6 (1972), indicate that "such specialized knowledge or skill" applies to the likes of plumbers, electricians and carpenters, etc., who sell goods in the course of performing a service in which the sale of goods predominates.
The availability to plaintiff of a cause of action in products liability in tort is also subject to the same criticism. Restatement, Torts, § 402(A), first requires that the seller be engaged in the business of selling such a product. This section was drafted to include those "sellers" for whom the disposal of an item into the stream of commerce is a meaningful part of their business pursuit, a status which Dean Prosser characterizes as "supplier." Prosser, Handbook on the Law of Torts (4 ed. 1971), at 669. In the case at bar defendant Jones, if he may be viewed as a seller, is even more a consumer of the equipment, for it is not the sale but the use of the equipment which constitutes his business. His disposal of less favored rides does not rise to the level of being a business of selling.
The thrust of the products liability doctrine as primarily a protection for the public and ultimate users does not require *446 that every sale by a businessman be covered by the doctrine. The net of the doctrine is not so fine that a secretary disposing of a typewriter from time to time to buy a new one need fear being ensnared by it. In this respect, Balido v. Improved Machinery, Inc., 29 Cal. App.3d 633, 105 Cal. Rptr. 890 (D.Ct.App. 1972), provides useful guidance. In that case an intermediate owner and user of a plastic injection molding press had purchased the press from a manufacturer and then, after a period of use, sold it to another injection molding enterprise where plaintiff was injured by the same press. There the intermediate owner was granted a dismissal of the products liability and breach of implied warranty counts. The court in its analysis commented that there was nothing to suggest that the intermediate owner and seller was a conduit for the production or distribution of manufacturer's presses. Closer to New Jersey and to this case is McKenna v. Art Pearl Works, Inc., 225 Pa.Super. 362, 310 A.2d 677 (1973). There a similar sale occurred with a punch press. The intermediate owner and user was again characterized as merely disposing of an asset and not in "the business of selling the product." However, since intermediate ownership was thought to have provided some opportunity for negligence, that count was allowed to stand. These cases are consistent with the Bruce opinion cited supra.
Since there appear to be no facts presented in this case which would support any finding of express or implied warranty or strict liability in tort for defective product, these elements of plaintiff's suit are dismissed with prejudice and without costs. The elements of negligence being factually of a more nebulous nature may conceivably still be derived from the facts presented. In any event, the question of negligence has always been more intimately one for the jury. I perceive no definitive factual situation here which warrants my denying them their prerogative at this state of the proceedings.