DEBORAH COLEMAN, as Personal Representative of the Estate of Kenneth F. Coleman, Jr., Deceased, *et al.*, Plaintiffs-Appellants, v. M.E. CHARLESWORTH, Indiv. and as Representative of Those Underwriters Signatory to Cover Note HR 802040, Defendants-Appellees.

First District (3rd Division)   No. 1—90—2162

Opinion filed December 30, 1992.

Carponelli & Krug, of Chicago (Stephen P. Carponelli and James V. Noonan, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (C. Kevin McCabe and Hugh C. Griffin, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Deborah Coleman, as personal representative of the estate of Kenneth F. Coleman, Jr., deceased, Sandra K. Ritter, as administrator of the estate of Terry C. Ritter, deceased, Lily Ann Baker, as administrator of the estate of Brian Baker, deceased, Harry R. Evans, Wendy Keating, as administrator of the estate of William Keating, deceased, Windy City Balloon Port, Ltd. (Windy City), and Dean Stellas, brought this declaratory judgment action in the circuit court seeking a declaration as to whether a policy of insurance exists between Windy City and defendant M.E. Charlesworth, individually and as representative of those underwriters signatory to cover note HR 802040, and whether the injuries

sustained by plaintiffs in the balloon accident that occurred on August 15, 1981, are within the coverage of that insurance policy. The trial court granted defendant's motion for summary judgment, ruling that plaintiffs have no rights against defendant because the injuries sustained by plaintiffs in the balloon accident do not fall within the coverage provisions of the insurance policy issued to Windy City by defendant. Plaintiffs' motion for summary judgment was denied.

On appeal, plaintiffs contend that (1) the plain and unambiguous terms of the cover note of the insurance policy issued to Windy City extend coverage for the injuries sustained by plaintiffs in the balloon accident; (2) the trial court erred when it ruled that there is no coverage under the premises provisions of the insurance policy issued to Windy City for the injuries they sustained in the balloon accident; (3) the trial court erred when it ruled that there is no coverage under the products liability provisions of the insurance policy issued to Windy City for the injuries they sustained in the balloon accident; and (4) the insurance policy issued to Windy City was in effect on the date of the balloon accident due to defendant's failure to provide direct notice of his intention not to renew the policy as required by section 143.17 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755.17). We affirm.

Windy City operated a public balloon launching facility which offered commercial sightseeing flights to the public for a specified charge using hot air and helium balloons owned by third parties. Windy City also provided refueling and repair facilities for hot air and helium balloons when needed. On May 12, 1978, Windy City purchased an insurance policy from Urbine-Sides Insurance Agency (Urbine-Sides) providing aviation premises and products liability coverage, subject to certain exclusions, for bodily injury and property damage arising from operations at Windy City for a period of one year. Substantially identical renewal one-year policies were issued by Urbine-Sides effective May 12, 1979, and May 12, 1980.

On August 15, 1981, a hot air balloon piloted by James Bickett departed from a launching site at Windy City carrying five passengers. Shortly after departure, the balloon struck power lines owned and operated by Commonwealth Edison near Barrington Hills, Illinois, and crashed to the ground, killing Bickett and passengers Kenneth F. Coleman, Jr., Terry C. Ritter, Brian Baker and William Keating. Passenger Harry Evans survived, but sustained severe burns and injuries. In April 1985, plaintiffs filed a wrongful death action in the circuit court of Lake County against Windy City and

several other defendants, including the manufacturer of the balloon and certain of its component parts. Defendant, however, refused to appear, defend or extend insurance coverage on behalf of Windy City for the loss. On June 3, 1988, the circuit court of Lake County entered an uncontested judgment in favor of plaintiffs and against Windy City in the amount of $4.4 million based on a finding of negligence on the part of Windy City.

On March 2, 1988, plaintiffs brought this declaratory judgment action in the circuit court of Cook County seeking a declaration as to whether a policy of insurance exists between Windy City and defendant, and whether the injuries sustained by plaintiffs in the balloon accident are within the coverage of this insurance policy. The parties filed cross-motions for summary judgment. On October 6, 1989, the trial court granted in part defendant's motion for summary judgment, ruling that there is no coverage under the premises provisions of the insurance policy issued to Windy City for the injuries sustained by plaintiffs in the balloon accident. The trial court, however, withheld any ruling with respect to coverage under the products liability provisions of the policy. On June 21, 1990, the trial court granted defendant's motion for summary judgment *in toto*, ruling that the products liability provisions of the insurance policy issued to Windy City also do not provide coverage for the injuries sustained by plaintiffs in the balloon accident. Plaintiffs' motion for summary judgment was denied. This appeal followed.

■ Plaintiffs first argue that the plain and unambiguous terms of the cover note of the insurance policy issued to Windy City extend coverage for the injuries sustained by plaintiffs in the balloon accident. We disagree. The cover note of an insurance policy, equivalent to the binder issued by domestic insurers, does not contain the definitive provisions or formalities of an insurance policy. Rather, the determinative terms and conditions of an insurance policy are set forth in the policy itself. We, therefore, conclude that the trial court correctly based its rulings in the present case on the terms and conditions of the insurance policy rather than the provisions of the cover note.

Plaintiffs next argue that the trial court erred when it ruled that there is no coverage under the premises provisions of the insurance policy issued to Windy City for the injuries they sustained in the balloon accident. The insurance policy issued to Windy City contains the following provisions within the premises coverage section of the policy:

"THIS SECTION IS SUBJECT TO THE FOLLOWING EXCLUSIONS: \*\*\*

2. Bodily injury or property damage caused by \*\*\*

(b) any Ships, Vessels, Craft, or Aircraft owned, chartered, used or operated by or on account of the assured (Windy City)."

We hold that this exclusion precludes coverage under the premises provisions of the policy here because the hot air balloon that caused plaintiffs' injuries was an aircraft being used and operated by Windy City through its agent Bickett, the pilot of the ill-fated balloon flight, acting within his authority to carry on the business of the enterprise.

■ A joint venture is an association of two or more persons to carry on a single enterprise for profit. (*Minyo v. Minyo* (1991), 220 Ill. App. 3d 746, 751, 581 N.E.2d 170, 173.) A joint venture may be implied or established by proof of surrounding facts and circumstances, including whether the parties have the intent to carry on an enterprise for profit, whether the parties have a joint interest in the enterprise as reflected by the contribution of property, finances, effort, skill or knowledge by each party of the venture, whether there is a joint exercise of control over the enterprise, and whether the parties share in the profits of the enterprise. (*Herst v. Chark* (1991), 219 Ill. App. 3d 690, 694, 579 N.E.2d 990, 992; *Fitchie v. Yurko* (1991), 212 Ill. App. 3d 216, 227, 570 N.E.2d 892, 900.) In the present case, Windy City sold tickets for its balloon rides for $100 to $150 per person per ride. The pilot of the balloon would receive $60 to $70 directly from Windy City for each ticket sold and would not receive money or any other consideration unless the pilot took a member of the public for a paid ride. While it is true that Windy City did not exercise any control over balloons after they departed from the balloon launch, Dean Stellas, the president of Windy City, stated in his affidavit that Windy City would cancel any balloon flight if the weather conditions were unsafe. From the record, it is plain that Windy City and Bickett were engaged in a joint venture carrying on the usual course of its business when the balloon Bickett was piloting struck the power lines and crashed to the ground, causing the injuries alleged by plaintiffs in the underlying complaint.

■ A joint venture is governed by partnership principles, and each joint venturer is considered an agent of the joint venture for the purpose of carrying on its usual course of business. (Ill. Rev.

Stat. 1981, ch. 106½, par. 9(1); *In re Johnson* (1989), 133 Ill. 2d 516, 526, 552 N.E.2d 703, 707-08; *Bachewicz v. American National Bank & Trust Co.* (1986), 111 Ill. 2d 444, 448, 490 N.E.2d 680, 682.) Because Bickett was carrying on the usual course of business of the joint venture when the balloon he was piloting crashed, we find that the hot air balloon here was an aircraft being used and operated by Windy City, by and through its agent, Bickett, when it caused the injuries alleged by plaintiffs in the underlying complaint. (See 14 C.F.R. §1.1 (1981); *Aetna Insurance Co. v. Apollo Sleep Products, Inc.* (1982), 164 Ga. App. 404, 296 S.E.2d 781.) We, therefore, conclude that coverage for plaintiff's injuries here is precluded under the premises provisions of the insurance policy issued to Windy City by exclusion 2(b) of the policy.

Plaintiffs next argue that the trial court erred when it ruled that there is no coverage under the products liability provisions of the insurance policy issued to Windy City for the injuries they sustained in the balloon accident. Section 3 of the policy provides coverage for:

> "Bodily injury or property damage arising out of the possession, use, consumption, or handling of any goods or products manufactured, constructed, altered, repaired, serviced, treated, sold, supplied, or distributed by the Assured or his employees after such goods or products have ceased to be in the possession or under the control of the Assured."

■ We hold that there is no coverage for plaintiffs' injuries under the products liability provisions of the policy because a balloon sightseeing ride is not a good or product, but rather is a service provided. Moreover, even if we were to conclude that a balloon ride is a good or product, there was never a cessation of possession or control of the balloon by Windy City necessary to satisfy the products liability coverage provisions of the policy. Until the moment the balloon crashed, it was under the exclusive control of Bickett, an agent of Windy City by virtue of his status as a joint venturer with Windy City. Accordingly, coverage under the products liability provisions of the insurance policy does not extend to the injuries sustained by plaintiffs in the balloon accident.

In sum, Windy City purchased aviation premises coverage to protect it against claims arising from bodily injury and property damage occurring at the location of its business operations, including customer slip and falls and other injuries arising directly from a customer's use of its premises. Windy City also purchased products liability coverage to protect it against claims arising from goods

and products it produced or sold after they left its control or otherwise entered the stream of commerce. Windy City, however, did not purchase aircraft operators' insurance or any other insurance that would provide coverage for liabilities arising from the use of an aircraft. Accordingly, we hold that all claims raised in plaintiffs' underlying action were outside the scope of coverage of the insurance policy issued to Windy City. Having determined that there is no coverage under the policy, it is therefore unnecessary to address plaintiffs' other contentions.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.