**Bill Loyd HARBER; Lucinda Earlene Harber, Appellants,**

v.

**ALTEC INDUSTRIES, INC., Appellee.**

No. 93–1712.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Sept. 22, 1993.

---

Richard Anderson, Kimberling City, MO, argued, for appellants.

Mary Anne Mellow, St. Louis, MO, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Bill Loyd Harber bought a used utility truck with an aerial lift bucket from Altec Industries, Inc., a used goods dealer. Altec sold the truck to Harber "as is" and disclaimed all warranties in the sales contract. While Harber was working in the elevated bucket four months after buying the truck, the bucket detached from the truck's derrick arm and fell to the ground, injuring Harber. Harber and his spouse then brought this action alleging Altec was strictly liable for Harber's injuries resulting from the bucket's hidden defect, even though Altec did not design or manufacture the bucket, nor inspect, repair, or modify the equipment before its sale.

Altec moved for summary judgment asserting Altec could not be held strictly liable for the latent product defect under Missouri law. The district court granted Altec's motion. *Harber v. Altec Indus., Inc.*, 812 F.Supp. 954 (W.D.Mo.1993). Because Missouri has not decided whether the doctrine of strict liability applies to a seller of used goods, the district court attempted to predict whether the Missouri Supreme Court would extend the strict liability doctrine to Altec. After reviewing cases from other states and analyzing whether the policy reasons underlying strict liability would be furthered if applied to sellers of used goods like Altec, the district court concluded "the Missouri Supreme Court would not extend strict liability to include ... sellers of used goods who perform no maintenance, modification or repair on the used product and who successfully disclaim all warranties of title." *Id.* at 965–66.

The Harbers appeal, suggesting we should certify the question to the Missouri Supreme Court. Although a Missouri statute provides we may certify unanswered questions of Missouri law to the Missouri Supreme Court, Mo.Stat.Ann. § 477.004 (Vernon Supp.1993), the Missouri Supreme Court has declined to answer our certified questions, holding the Missouri Constitution did not grant the court original jurisdiction to render opinions on questions of Missouri law certified by federal courts. *Zeman v. V.F. Factory Outlet, Inc.*, 911 F.2d 107, 108–09 (8th Cir.1990). Like the district court, we are left to predict the Missouri Supreme Court's answer to the question this case presents.

Having reviewed the issue de novo, paying particular attention to the Missouri law cited by the Harbers, we agree with the district court that the Missouri Supreme Court would not hold Altec strictly liable under the circumstances. We affirm on the basis of the district court's well-reasoned opinion. *See* 8th Cir.R. 47B.