(No. 74914.—

DEBORAH COLEMAN, as Personal Representative of the Estate of Kenneth F. Coleman, Jr., Deceased, *et al.*, Appellants, v. M.E. CHARLESWORTH, Indiv. and as Representative of Those Underwriters Signatory to Cover Note HR 802040, Appellees.

*Opinion filed November 18, 1993.*

Stephen P. Carponelli, James V. Noonan and Stephanie L. Matthews, of Carponelli & Krug, P.C., of Chicago, for appellants.

Lord, Bissell & Brook, of Chicago (C. Kevin McCabe and Hugh C. Griffin, of counsel), for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This is a suit for declaratory judgment. The sole question presented by this appeal is the coverage of a policy of insurance pertaining to a certain accident. The policy in question belonged to Windy City Balloon Port, Ltd., hereinafter referred to as Windy City. Windy City offered commercial sightseeing flights to the public in hot air and helium balloons owned by third parties. Windy City also offered repair and refueling services for balloons.

Although Windy City purchased a policy providing aviation premises and products liability insurance, the actual policy was never received because of a failure by Windy City to obtain a necessary countersignature. Prior to the accident, the only evidence of the policy in the insured's

possession was a cover note issued by the insurance brokers which is attached hereto as an appendix.

The accident occurred on August 15, 1981, when a hot air balloon piloted by James Bickett and carrying five passengers struck electrical power lines and crashed to the ground approximately 15 minutes after departure from the balloon port. The pilot and four of the five passengers were killed.

The estates of the four deceased passengers and the surviving passenger, Harry Evans, brought suit in Lake County against Windy City, the pilot of the balloon, and several other defendants. Windy City sought coverage for these claims under its insurance policy, but the defendant in the present action, M.E. Charlesworth, both individually and as a representative for the underwriters of the insurance policy, refused to appear, defend, or extend coverage. An uncontested judgment of $4.4 million was entered against Windy City on June 3, 1988.

On March 2, 1988, the plaintiffs in the present case, including the estates of the deceased passengers, Harry Evans, and Windy City, brought a declaratory judgment action seeking a declaration as to whether a policy of insurance exists between Windy City and defendant, and whether the injuries sustained in the balloon accident by the plaintiffs are covered by the policy. The trial court granted summary judgment for the defendant, ruling that neither the premises provisions nor the products liability provisions of the insurance policy provided coverage for this type of accident. The appellate court affirmed (240 Ill. App. 3d 662) and we granted plaintiff's petition for leave to appeal (134 Ill. 2d R. 315).

Plaintiffs contend that the cover note issued to Windy City conflicts with the coverage described in the actual insurance policy. Under the cover note, plaintiffs contend that coverage is provided for the accident. We disagree.

The cover note states that the type of insurance obtained was *aviation premises* and *products liability*. Additionally, the cover note states that the interest insured was Windy City's legal liability to third parties, arising out of their operations *at their balloon port*, excluding repairs. Thus, although incomplete as a policy of insurance, the limits of coverage are readily ascertainable on the face of the cover note. That is to say, the cover note limits coverage to premises and products liability to third parties arising out of Windy City's operations at their balloon port, excluding repairs. The cover note also stated that it was subject to the terms, conditions and exceptions to the policy to be issued by the insurers. Reference to the policy discloses that no conflict exists between the cover note and the insurance policy. Accordingly, the terms of the insurance policy govern the scope of coverage. See generally *Corrigan v. Kentucky Insurance Agency, Inc.* (1970), 122 Ill. App. 2d 80 (stating that a cover note is analogous to a binder); *Altrocchi v. Hammond* (1958), 17 Ill. App. 2d 192, 200 (an insurance binder which does not itself specify the terms and provisions of the policy, incorporates, as a matter of law, all of the terms and provisions of the policy).

The aviation premises provision of the insurance policy provides coverage as follows:

"Bodily injury or property damage

(a) in or about the premises *** as a direct result of the services granted by the Assured [Windy City] or

(b) elsewhere in the course of any work or the performance of any duties carried out by the Assured or his employees in connection with the business or operations ***.

caused by the fault or negligence of the Assured or any of his employees engaged in the Assured's business ***.

THIS SECTION IS SUBJECT TO THE FOLLOWING EXCLUSIONS:
***

2. Bodily injury or property damage caused by

\*\*\*

> (b) any Ships, Vessels, Crafts, or Aircraft owned, chartered used or operated by or on account of the assured [Windy City]."

Plaintiffs' injuries do not fall under subsection (a) of the policy because their injuries did not occur "in or about the premises." Rather they occurred 15 minutes after the hot air balloon left the balloon port, when it struck electrical power lines. Plaintiffs' injuries were sustained "elsewhere." This leaves subsection (b). In order for subsection (b) to extend coverage, the injuries must also have been sustained due to work or duties carried out by Windy City or one of its employees. Plaintiffs' complaint alleges that the balloon pilot, James Bickett, was an employee, agent, and joint venturer of Windy City. Since plaintiffs allege that such a relationship existed between pilot Bickett and Windy City, the balloon was being used and operated by Windy City, *via* James Bickett, at the time of the accident. Under the exclusion provisions noted above, however, bodily injuries which are caused by aircraft used or operated by or on account of Windy City are not covered. Thus, since the hot air balloon at the time in which plaintiffs' injuries were incurred was admittedly being operated by an employee, agent, and joint venturer of Windy City, the exclusion provision bars coverage.

Plaintiffs now attempt to claim that a joint venture relationship did not actually exist between Bickett and Windy City. While the underlying complaint and the insurance policy will be liberally construed in favor of the insured (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 73-74), allegations stated in the complaint cannot now be disavowed. In light of their underlying complaint, plaintiffs cannot claim that a joint venture relationship did not exist.

In an attempt to elude the exclusion provision, plaintiffs argue that it was not the operation of the balloon which was Windy City's negligent act, but rather that Windy City was negligent in allowing the balloon to take off given the weather conditions at time of departure. Regardless of Windy City's alleged negligence in this regard, the fact remains that the balloon was being operated in a joint venture relationship with Windy City and, thus, coverage for the injuries is barred by the exclusion provision.

The products liability provision of the insurance policy states that coverage is provided for:

> "Bodily injury or property damage arising out of the possession, use, consumption, or handling of any goods or products manufactured, *** repaired, *** sold, *** or distributed by the Assured [Windy City] or his employees after such goods have ceased to be in the possession or under the control of the Assured."

As already noted, the balloon was in Windy City's control by virtue of the joint venture relationship which existed with James Bickett at the time of the accident. Additionally, the offering of a hot air balloon ride is not a good or product. In the broadest sense of the terms, a good can be defined as any type of personal property, and a product is anything which is produced. The offering of a balloon ride, however, is a service. Thus, plaintiffs do not fall under the product liability insurance coverage.

Aircraft operators insurance would have provided Windy City with coverage for liabilities arising out of the use of aircraft. The policy in question, however, was not that type of insurance.

Accordingly, we affirm the judgment of the appellate court.

*Affirmed.*

**APPENDIX**

## Hargreaves, Reiss & Quinn
### LIMITED

INSURANCE AND REINSURANCE BROKERS

210-212 BOROUGH HIGH STREET  LONDON SE1 1JY

AND AT LLOYDS

TELEPHONE  01-403 3060     TELEX: LONDON 884180 (OR 896691 TLX 1RG Quote HRO LDN)     CABLES: QUOTAIR LONDON SE1

| | |
|---|---|
| Urbine Sides Insurance,<br>P.O. Box 19022,<br>Greensboro,<br>NC 27410,<br>U.S.A. | YOUR REF:<br><br>INT. REF:  JLG/ES<br><br>Date:  20th May, 1980 |

### COVER NOTE NO.   DAV A 2040

*In accordance with your instructions we have effected the following insurance:*

**TYPE:**   AVIATION PREMISES AND PRODUCTS LIABILITY INSURANCE

**FORM:**   Ariel form Section II deleted.
No Proposal.

**INSURED:**   DEAN STELLAS doing business as WINDY CITY BALLOON PORT.

**ADDRESS:**   521, W. Diversey, Chicago, Illinois.

**PERIOD:**   12 months at 12th May 1980 at 12.01 a.m. Local
Standard Time.

**INTEREST:**   The Insured's Legal Liability to Third Parties, arising
out of their operations at their Balloon Port, excluding
Repairs.

Combined Single Limit:   Section I Premises Liability and
Section III Products Liability
for Bodily Injury/Property Damage
$500,000 any one occurrence and
in the aggregate in respect of
Products Liability.

Property Damage Deductible $500 each and every claim.

**CONDITIONS:**   War, Hi-Jacking and Other Perils Exclusion Clause AV.48B
Warranted $100,000 Combined Single Limit Third Party
plus $50,000 any one passenger in respect of passenger
carrying balloons carried by operators.
This Insurance excess of all valid and collectable
Insurances.  Additional Insureds, Hold Harmless Agreements,
Subrogation Waivers, Contractual Agreements, and any additional
locations, to be agreed by the Underwriters.
Service of Suit Clause Nominee:  John G. Smith.
All amendments to be agreed by Underwriters.

264

*Continuation of Cover Note No.* DAV A 2040          *Page No.*     2

Continued/.......

<u>PREMIUM</u>:          $775 in full.

*Hargreaves Reiss & Quinn Ltd.*

Please examine the details on this cover note
and if not in accordance with your wishes please
advise us immediately.                PP     **DIRECTOR**

Subject always to the terms, conditions and exceptions of the Policy or agreement to be issued by the insurers

**APPENDIX**

*Attaching to Cover Note No.*    DAV A 2040        *Page No.*    3

THE INSURANCE SPECIFIED HEREON IS EFFECTED WITH LLOYDS UNDERWRITERS FOR THE FOLLOWING AMOUNT.

AMOUNT:

100% of limits as attached.