**Mark GREENWOOD and Mary Kay Greenwood, h/w, Plaintiffs,**

v.

**BUSCH ENTERTAINMENT CORPORATION, d/b/a Sesame Place, Surf Coaster Corporation, Waterworld Products, Inc., Fred Langford Enterprises, Inc., and Fred Langford, Defendants.**

**Civil Action No. 99–CV–4321.**

United States District Court, E.D. Pennsylvania.

May 18, 2000.

Marcella J. Schell, David Felderman, McEldrew & Fullam, Philadelphia, PA, for Mark Greenwood, Mary Kay Greenwood.

Craig S. Hudson, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Busch Entertainment Corp.

Stephen P. Ulan, Law Offices of Judy Greenwood, Philadelphia, PA, for Surf Coaster Corp., Waterworld Products, Inc., Fred Langford Enterprises, Fred Langford.

## *MEMORANDUM*

ROBERT F. KELLY, District Judge.

Presently before this Court is the Motion of Defendant, Busch Entertainment Corporation, d/b/a Sesame Place ("Busch"), for Partial Summary Judgment with Respect to Count IV of Plaintiffs' Complaint. Count IV of Plaintiffs' Complaint is for strict liability under the Restatement (Second) of Torts, section 402A("section 402A"). For the reasons which follow, this Motion is granted.

## I. FACTS.

On August 9, 1997, Plaintiffs Mark and Mary Kay Greenwood ("Mr. and Mrs. Greenwood"), with their family, visited the Sesame Place amusement park in Langhorne, Pennsylvania. Mr. and Mrs. Greenwood paid an entrance admission fee to enter the park. At some point in the day, the family went to the water slide area of the park with the intention of going down Slippery Slopes, a water slide. Mr. Greenwood sat down on the top of Slippery Slopes and used his hands to push himself forward a bit in order to slide down the water slide. At the end of the slide, Mr. Greenwood landed feet-first in the three foot deep splash-down pool and his heels hit the bottom of the pool. He sustained injury to both heels, fracturing his left heel. As a result of his injuries, Mr. Greenwood has had to undergo medical treatment and has experienced pain and suffering and a loss of earnings.

On August 4, 1999, Mr. and Mrs. Greenwood filed a nine-count Complaint in the Court of Common Pleas of Philadelphia County claiming negligence, strict liability and loss of consortium. Busch removed the case to this Court on August 27, 1999, and on March 30, 2000, Busch filed this Motion for Partial Summary Judgment.

## II. STANDARD.

Summary Judgment is proper "if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Defendants, as the moving parties, have the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the nonmoving party should go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(c). If the court, in viewing all reasonable inferences in favor of the nonmoving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir.1987).

## III. DISCUSSION.

Busch moves for summary judgment on Count IV of Plaintiffs' Complaint on the basis that it is not a seller of a product under section 402A of the Restatement (Second) of Torts. Busch acknowledges that there has been no decision by either the Pennsylvania Supreme Court or the United States Court of Appeals for the Third Circuit as to whether an amusement park that charges admission can be subject to strict liability under section 402A for injuries to patrons that occur while using one of the rides at the park. It argues, however, that extending strict liability to an amusement park is illogical and would be the same as extending the doctrine to a bus or train operator whose customer is injured while riding, boarding or exiting a bus or train. (Def.'s Mem.Law in Supp. Mot. for Partial Summ. J. at 5.)

Section 402A provides, in pertinent part, that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer ... is subject to liability for physical harm thereby caused to the ultimate user or consumer, ... if (a) the seller is engaged in the business of selling such a product ..." Restatement (Second) of Torts, § 402A. Pennsylvania has adopted section 402A as the standard for strict liability. *See Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966). Strict liability has been extended, however, beyond the requirement that there be a sale. *Eves v. S.P. Parks, Inc.*, No. Civ. A.87–7776, 1988 WL 109107, at *1 (E.D.Pa. Oct.17, 1988)(Gawthrop, J.). The *Eves* court recognized the Pennsylvania Supreme Court's statement that, "although § 402A speaks only in terms of sellers, it applies to all suppliers of chattels, whether by sale, lease or bailment ..." *Id.* (quoting

*Francioni v. Gibsonia Truck Corp.,* 472 Pa. 362, 372 A.2d 736, 738 (1977)(internal quotations omitted)).

Busch notes that the majority of the trial court decisions which address the question of whether strict liability applies to amusement parks, have rejected this proposition. In each case which has discussed the issue, according to Busch, courts have assumed that the sale of the admission ticket to the patron is the sale of a product. Busch argues, however, that this Court cannot assume that Mr. Greenwood's admission ticket is the sale of a product because Mr. and Mrs. Greenwood must first establish that, by charging admission to Mr. Greenwood, Busch has sold him a ride down Slippery Slopes which can be construed as a sale of a product.

Plaintiffs respond by citing *Rossetti v. Busch Entertainment Corp.,* 87 F.Supp.2d 415 (E.D.Pa.2000). In *Rossetti,* a case in this district in which the plaintiff was injured on a Sesame Place water slide, the court assumed that Busch was a seller and examined the four factors set forth by the Pennsylvania Supreme Court in *Francioni* to assist courts in determining if it was appropriate to extend strict liability. *Rossetti,* 87 F.Supp.2d at 419. After examining these factors, the court determined that the record "[was] bare of any evidence that support[ed] the extension of strict liability" because the Plaintiff, in discovery, did not develop the record as to the four factors. *Id.* at 421. Plaintiffs in the instant case borrow the argument of the *Rossetti* plaintiff, stating that Busch "could be deemed a 'seller' or 'supplier' under section 402A as interpreted by the Pennsylvania courts." *See* Pls.' Mem. of Law in Opp'n to Def.'s Mot. for Partial Summ. J. at unnumbered p. 4. Plaintiffs state that "[a]lthough appellate courts have not addressed this issue, Judge Robreno of this Honorable Court acknowledged in footnote 3 … in *Rossetti* that 'several courts have concluded that an amusement park could be a seller for section 402A purposes under the appropriate circumstances, assum-

ing a developed record.' " *Id.* (citations omitted). In that footnote, the court stated that "[p]laintiff bears the burden of proving that Busch is a 'seller' " and cited three cases in which courts concluded that an amusement park operator could be a seller. *Rossetti v. Busch Entertainment Corp.,* 87 F.Supp.2d 415, 420 n. 3 (E.D.Pa.2000)(citing *Hipps v. Busch Entertainment Corp.,* No. CIV.A.97–1907, 1997 WL 535181 (E.D.Pa. July 31, 1997)(motion to dismiss denied as to strict liability because record undeveloped); *Coppersmith v. Herco, Inc.,* 29 Pa.D. & C.4th 73 (Pa.Com.Pl.1996)(demurrer denied as to strict liability because amusement park fell within broad definition of seller based on four factors); and *Eljizi v. Dorney Park Coaster Co.,* 34 D. & C.4th 494 (Pa.Com.Pl.1996)(partial summary judgment denied as to strict liability because operation of amusement park involves supply of products, not services)). Mr. and Mrs. Greenwood cite these cases as support for their contention that Busch is a seller and therefore strictly liable.

Mr. and Mrs. Greenwood do not, however, address additional case law on the issue of whether an amusement park operator is subject to strict liability. First, in *Eves,* a case decided in this district, the court held that strict liability did not apply to an amusement park operator. *Eves,* 1988 WL 109107, at *1. The court opined that a customer's purchase of his ticket gave him, at the very most, a license to enter the park and participate in park activities. *Id.* Because there was no sale, lease or bailment, the court held that there was no commercial transaction sufficient to invoke section 402A. *Id.* In a second case from this district, *Dantzler v. S.P. Parks, Inc.,* No. Civ.A.87–4434, 1988 WL 131428 (E.D.Pa. Dec.6, 1988)(Van Antwerpen, J.), the court held that the water slide upon which the plaintiff was injured was not a product but was part of the amusement park's real property, therefore it was outside the purview of section 402A. *Dantzler,* 1988 WL 131428, at *2.

Moreover, courts in other jurisdictions which have adopted section 402A have held it does not apply to amusement park operators. *Sells v. Six Flags Over Texas, Inc.*, No. Civ.A.3:96–CV–1574–D, 1997 WL 527320, at *1 (N.D.Tex. Aug.14, 1997). For example, courts in Texas, Connecticut and Louisiana have concluded that patrons injured on amusement park rides could not recover on a theory of strict liability because the park operators were not engaged in the business of selling or manufacturing. *See Sells*, 1997 WL 527320, at *2–3 (citing *Bobryk v. Lincoln Amusements, Inc.*, No. Civ.A.CV9505470845, 1996 WL 24566, at *4–5 (Conn.Super.Ct. Jan.5, 1996)(carnival ride operator not strictly liable for injuries to minor plaintiff because no bailment); *Siciliano v. Capitol City Shows, Inc.*, 124 N.H. 719, 475 A.2d 19 (1984)(strict liability not applicable because amusement park provided service, not product); and *Rivere v. Thunderbird, Inc.*, 353 So.2d 346, 347 (La.Ct.App.1977), *cert. denied*, 354 So.2d 1380 (La.1978)(amusement park operator not strictly liable under facts of case to patron injured from head-first slide into three foot deep manmade lake)).

Those courts which have found defendant amusement park operators strictly liable "outside the context of a sale" have done so "only when the transaction possesses the attributes of a sale, such as in the case of a lease or a bailment." *Sells*, 1997 WL 527320, at *2 (citing *Gray v. Snow King Resort, Inc.*, 889 F.Supp. 1473, 1477 (D.Wyo.1995)(strict liability applicable because bailment occurred when amusement park patron operated "Alpine Sled"); *Golt v. Sports Complex, Inc.*, 644 A.2d 989, 991 (Del.Super.Ct.1994)(strict liability applicable because bailment occurred when amusement park patron allowed to drive go-cart); and *Rourke v. Garza*, 530 S.W.2d 794, 799 (Tex. 1975)(strict liability applicable because lease occurred where rental of defective scaffold)). "A lease ... occurs when use and possession pass, but not title.... Similarly, a bailment ... occurs when possession or title is delivered under an express or implied agreement that the property will be redelivered to the original possessor when the purpose of the bailment is accomplished." *Eves*, 1988 WL 109107, at *1 (quoting *Whitmer v. Bell Tel. Co. of Pa.*, 361 Pa.Super. 282, 522 A.2d 584, 588 (1987) (citations omitted)). However, in the instant case, there was no relinquishment of control or possession of Slippery Slopes to Mr. Greenwood. Here, Mr. Greenwood had no title to the Slippery Slopes water slide, nor did he have the exclusive right to possess it. Because there are no attributes of a sale, lease or bailment in this case, strict liability is not applicable.

In addition, the language in the comments and notes to the Restatement (Third) of Torts, Chapter 4, section 20, "Definition of 'One Who Sells or Otherwise Distributes'" provides further support for this finding. The notes to comment d of section 20 of the Restatement (Third) of Torts, "Sales–Service Combinations," state that "[i]f the product is not used up or consumed, the transaction is usually not treated as a sale of a product, but rather as a service." Restatement (Third) of Torts: Prods. Liab. § 20 Reporters' Note, cmt. d at 291 (citing *Coleman v. Charlesworth*, 240 Ill.App.3d 662, 181 Ill. Dec. 391, 608 N.E.2d 464 (1992)(sightseeing balloon ride is a service); *Siciliano* (amusement ride is a service, not a product); *Allen v. Nicole, Inc.*, 172 N.J.Super. 442, 412 A.2d 824 (Law Div.1980)(amusement ride "pony cart" operator is more a provider of a service than a seller)). In addition, the notes to section 20, comment f, "Other Means of Commercial Distribution: Product Bailments," state that "[a]musement ride operators, ... are considered to provide a service, not a product, and thus are not held strictly liable." Restatement (Third) of Torts: Prods. Liab. § 20, Reporters' Note, cmt. f at 291 (citing *Siciliano* and *Allen*).

As stated above, the Pennsylvania Supreme Court set forth a four factor test for imposing strict liability in determining whether a supplier of products, whose status as a supplier was already determined, is to be held liable for damages caused by defects in the products supplied. *Francioni*, 372 A.2d at 739–740. The factors include:

(1) whether the defendant is the only member of the marketing chain available to the injured plaintiff for redress; (2) whether the imposition of strict liability would serve as an incentive to safety; (3) whether the defendant is in a better position than the consumer to prevent circulation of defective products; and (4) whether the defendant can distribute the cost of compensating for injuries resulting from defects by charging for it in the business.

*Musser v. Vilsmeier Auction Co., Inc.*, 522 Pa. 367, 562 A.2d 279, 282 (1989)(citing *Francioni*, 372 A.2d at 739). A precondition of the application of these four factors is a finding by this Court that Busch is a seller.

In the instant case, Mr. and Mrs. Greenwood do not offer evidence that Busch is a seller. Instead, they argue that a balancing of the policy considerations behind the imposition of strict liability weighs in favor of imposing strict liability on Busch, and urge this Court to undergo a *Francioni* analysis. Because this Court has found that Busch is not a seller, however, such analysis is unnecessary.[1]

## IV. CONCLUSION.

Plaintiffs have not proven that strict liability should attach to Busch. Thus, Busch's partial motion for summary judgment is granted and Count IV of Plaintiffs' Complaint is dismissed.

An Order follows.

1. Busch's final argument, that Mr. Greenwood's action for negligence affords adequate protection for any wrong allegedly committed by Busch, is persuasive to the Court. Howev-

### ORDER

AND NOW, this 18th day of May, 2000, upon consideration of the Motion of Defendant, Busch Entertainment Corporation, d/b/a Sesame Place, for Partial Summary Judgment with Respect to Count IV of Plaintiffs' Complaint, and Plaintiffs' Response thereto, it is hereby ORDERED that Defendants' Motion is GRANTED and Count IV of Plaintiffs' Complaint is dismissed.

er, because Busch has not presented any evidence to support that theory, the Court will not address it.