Nichole E. **ENGEL**, Individually and Representatively on Behalf of Trinity Engel, William Engel, III and Zachary Engel and William Engel, Sr. and Shirley Engel, Plaintiffs/Appellants,

v.

**CORRIGAN COMPANY–MECHANICAL CONTRACTORS, INC., A DIVISION OF CORRIGAN BROTHERS, INC., and Terex Corporation, a Delaware Corporation, Defendants/Respondents.**

No. ED 83241.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 10, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 6, 2004.

Application for Transfer Denied Nov. 23, 2004.

Stephen H. Ringkamp, Mark J. Becker, St. Louis, MO, for appellant.

Robbye Hill Toft, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Nichole Engel, individually and on the behalf of Trinity Engel, William Engel III and Zachary Engel and William and Shirley Engel, Sr. ("Plaintiffs") appeal the summary judgment entered in favor of Corrigan Company–Mechanical Contractors, Inc. ("Corrigan") in their wrongful death action based on section 537.760 RSMo[1] (strict liability). We affirm.

In reviewing the entry of the summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Inasmuch as the trial court's judgment is founded on the record submitted and the law, we need not defer to the trial court and our review is essentially *de novo. Id.*

There is no dispute about the material facts. In October, 1998, Plaintiffs' decedent, William Engel, Jr., was killed in an accident caused by a design defect in a manlift he rented from Imperial Manlift, Inc. ("Imperial"). Imperial purchased the manlift "as is" from Corrigan in 1994. Corrigan is a corporation primarily engaged in the business of mechanical contracting and had used the manlift in its business for about twelve years before disposing of it in a sale of 19 pieces of surplus construction equipment, including approximately 14 manlifts, to other businesses, including Imperial. The manlift at issue was manufactured by Marklift Industries, which was sold while in bankruptcy to Terex Corporation prior to the initiation of the underlying suit.

Plaintiffs argue in their sole point on appeal that the trial court erroneously applied section 402A of the Restatement (Second) of Torts instead of section 537.760. Plaintiffs contend that because of this misapplication of the law, the trial court improperly granted summary judgment for Corrigan on the basis of Corrigan not being a dealer in used goods. Plain-

tiffs correctly note that section 537.760 is the appropriate section of the Missouri Statutes for products liability claims. Plaintiffs point out that the lower court cited section 402A of the Restatement (Second) of Torts in its Order and Judgment granting Corrigan's motion for summary judgment. They contend that the plain language of section 537.760 allows a claim for strict products liability whether or not the defendant is a dealer in used goods. Finally, Plaintiffs note that courts must give effect to statutory language as written, citing *Spradlin v. City of Fulton,* 982 S.W.2d 255, 261 (Mo. banc 1998).

■ Essential elements of a strict products liability claim are (1) the defendant sold a product in the course of its business; (2) the product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) plaintiff was damaged as a direct result of the defective condition that existed when the product was sold. *Lay v. P & G Health Care, Inc.,* 37 S.W.3d 310, 325 (Mo.App.2000).

Section 537.760 codified section 402A of the Restatement (Second) of Torts. *Rodriguez v. Suzuki Motor Corp.,* 996 S.W.2d 47, 65 (Mo. banc 1999); *Dorman v. Bridgestone/Firestone, Inc.,* 992 S.W.2d 231, 235 (Mo.App.1999). As such, the lower court's citation of the Restatement was not error.

Plaintiffs rely on *Bell v. Poplar Bluff Physicians Group, Inc.,* for the contention that incidental transfer of a product does not relieve an entity from strict products liability. *Bell v. Poplar Bluff Physicians Group, Inc.,* 879 S.W.2d 618, 619 (Mo.App. 1994). This case is distinguishable however, because in *Bell* there was no question that the implant placed into petitioner's body was done so in the course of the business of respondent. *Id.* The issue was whether respondent was a "seller" within the meaning of section 402A of the Restatement (Second) of Torts. *Id.* In this case, the issue is whether Corrigan sold the manlift in the course of its business. This is apparently a question of first impression in Missouri.

Corrigan characterizes the issue to be whether a dealer in used goods may be held strictly liable under section 402A of the Restatement (Second) of Torts, or section 537.760 RSMo 2000. Corrigan, however, is not a dealer in used goods.[2] It is more properly viewed as an intermediate consumer who made an occasional or incidental sale of surplus property. Corrigan's business is mechanical contracting, not selling manlifts. It is not subject to section 537.760 because its sale of the man-

---

**2.** Although it appears that no Missouri court has addressed the issue of whether dealers of used equipment are subject to section 537.760, the United States District Court for the Western District of Missouri has concluded they are not. *Harber v. Altec Indus., Inc.,* 812 F.Supp. 954 (W.D.Mo.1993) *aff'd,* 5 F.3d 339 (8th Cir.1993). In a thoughtful and comprehensive analysis, Judge Stevens pointed out that while a dealer in used goods could be characterized as selling the product in the course of its business, imposition of such liability would be inconsistent with the policy considerations that led to the doctrine of strict liability in tort. Specifically, although imposition of liability would unquestionably further the goal of victim compensation, it would not accomplish the goals of spreading the risk, risk reduction through increased inspection or market pressure, satisfaction of consumer expectations or prevention of waste. 812 F.Supp. at 961–65. Because the instant case involves an occasional sale and not a sale by a dealer in used goods, we need not and do not decide that issue. We note, however, that the policy considerations discussed in *Harber* are even more attenuated in the case of an occasional sale by an intermediate consumer.

lift was incidental to and not in the course of its business.

In *Bruce v. Martin–Marietta Corp.*, 544 F.2d 442 (10th Cir.1976), the Tenth Circuit, applying Missouri Law, held that Ozark Airlines could not be held strictly liable for defects in an airplane it sold as surplus because it was not engaged in the business of selling airplanes. *Id.* at 448. Citing comment f to section 402A,[3] the court held that Ozark Airlines was an intermediate owner engaged in the business of providing scheduled commercial air transportation. *Id.* As such, its sale of surplus aircraft was merely incidental to its business. *Id.* at 448–49. *See also Counts v. MK–Ferguson Co., et al.*, 680 F.Supp. 1343, 1347 (E.D.Mo.1988), *aff'd* 862 F.2d 1338 (8th Cir.1988) (section 402A liability does not extend to occasional seller).

Other jurisdictions that have codified or adopted section 402A of the Restatement (Second) of Torts have routinely found that the isolated sale of a product by an occasional seller is not subject to the rule of strict liability. *See Lancaster v. W.A. Hartzell & Associates, Inc.*, 54 Or.App. 886, 637 P.2d 150 (1981) (holding that strict liability did not apply to the isolated sale of a gallon of wood stain by a merchant that sells cabinets); *Allen v. Nicole,*

*Inc.*, 172 N.J.Super. 442, 412 A.2d 824 (Law Div.1980) (holding that amusement ride operator's disposal of less favored rides through sale did not rise to the level of being a business of selling); *Siemen v. Alden,* 34 Ill.App.3d 961, 341 N.E.2d 713 (1975) (holding that the one-time sale of an industrial saw by a sawmill was an isolated transaction that did not come within the provisions of section 402A).

The case of *Abbott v. U.S.I. Clearing Corp.*, 17 Ohio App.3d 75, 17 OBR 135, 477 N.E.2d 638 (1984), is instructive. In *Abbott*, Chrysler Corporation closed a plant and sold a seventy-five ton single gear press "as is." *Id.* at 639. The press later caused an injury. *Id.* at 640. The court found that Chrysler was not a seller engaged in the business of selling presses. *Id.* at 641. The court reasoned that the infrequent sale of plant machinery after one of its plants closed did not transform Chrysler into a seller of presses. *Id.* at 642. The court noted that the fact that Chrysler auctioned off a large number of presses and similar equipment does not establish that Chrysler was more than an occasional seller. *Id.*

In *Santiago v. E.W. Bliss Div., Gulf and W. Mfg. Comp.*, 201 N.J.Super. 205, 492 A.2d 1089 (App.Div.1984), Western Elec-

---

**3.** Comment f to section 402A of the Restatement (Second) of Torts states:

*Business of selling.* The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption … The rule does not, however, apply to the occasional seller of food or other such products who is not engaged in that activity as a part of his business … The basis for the rule is the ancient one of the special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with products which may endanger the safety of their persons and property, and the forced reliance upon that undertaking on the part of those who purchase such goods. This basis is lacking in the case of the ordinary individual who makes the isolated sale, and he is not liable to a third person, or even to his buyer, in the absence of his negligence. An analogy may be found in the provision of the Uniform Sales Act, section 15, which limits the implied warranty of merchantable quality to sellers who deal in such goods; and in the similar limitation of the Uniform Commercial Code section 2–314, to a seller who is a merchant. This section is also not intended to apply to sales of the stock of merchants out of the usual course of business, such as execution sales, bankruptcy sales, bulk sales, and the like.

tric purchased a punch press and then sold it after twenty-three years of use. 492 A.2d at 1092. This press later injured Santiago. *Id.* The court held that the disposal of the press by a consumer who used the product for twenty-three years did not constitute the business of selling as a manufacturer, seller, distributor, retailer or supplier subject to strict liability. *Id.* at 1100. The court noted that there was considerable authority for the proposition that when a product is sold on an occasional basis, incidental to the business of the seller, the sale does not come within the scope of the doctrine of strict liability. *Id.* at 1097. The court reasoned that Western Electric was not a party in the chain of distribution of the press but rather a consumer who sold the press after it was no longer useful to the consumer. *Id.* at 1099. The benefits of the sale of the press were only incidental and collateral to Western Electric's business. *Id.*

Missouri law is entirely consistent with this view. The mere assertion that Corrigan sold the manlift is not enough to show that it was sold in the course of Corrigan's business. In *Latham v. Wal–Mart Stores, Inc.,* 818 S.W.2d 673, 674 (Mo.App.1991) a parrot was special ordered by Wal–Mart to be purchased by an employee and the employee's husband later contracted a disease from the parrot. The uncontradicted assertion that Wal–Mart did not sell parrots to the general public in the ordinary course of its business was found to support the lower court's grant of summary judgment in favor of Wal–Mart. *Id.* at 676.

In this case, it is uncontradicted that Corrigan's sale of manlifts was an occasional sale and was incidental to its ordinary course of business. We hold that Corrigan is not strictly liable for injuries caused by the used manlift and is entitled to summary judgment as a matter of law. Judgment affirmed.

BOOKER T. SHAW, P.J., and PATRICIA L. COHEN, J., Concur.